# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEFENDANT'S MOTIONS IN LIMINE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Roger Ricky Counts, | ) | Case No. 3:18-cr-00141 |
| | ) | |
| Defendant. | ) | |

Trial in the above-captioned case is scheduled to commence on February 5, 2020. Now before the Court are two motions in limine filed by Defendant Roger Ricky Counts on September 24, 2019. Doc. Nos. 36, 38. An Indictment charges Counts with (1) Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 2241(c), 1153; (2) Tampering with a Witness, in violation of 18 U.S.C. § 1512(b)(3); and (3) Failure to Report Child Abuse, in violation of 18 U.S.C. § 1169. Doc. No. 1. In particular, the Government alleges that Counts sexually abused M.D., a then eight-year-old boy, while he was in foster care in Counts' home. Counts' first motion in limine seeks to exclude evidence that he previously exposed himself to D.D., another then eight-year-old boy in foster care in his home. His second motion in limine requests the exclusion of testimony from Dr. Stacey Benson, a clinical psychologist. The Government responded in opposition to both motions on October 8, 2019. Doc. Nos. 44, 45.

**I.     RULE 414 EVIDENCE**

On August 27, 2019, the Government filed a notice of intent to use evidence pursuant to Rule 414 of the Federal Rules of Evidence. Doc. No. 35. In that notice, the Government states that it intends to present evidence at trial that Counts exposed himself to D.D., who was approximately eight years old at the time, while D.D. was in foster care in Counts' home. M.D.,

the alleged victim in the case at bar, was also in foster care in Counts' home at the time this purported exposure occurred. Counts contests the admission of evidence regarding the alleged exposure on two grounds – namely, that exposing himself to a minor child is not an act of child molestation as defined in Rule 414 of the Federal Rules of Evidence, and that the evidence is not alternatively admissible under Rule 404(b).

"Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit a crime." United States v. Keys, 918 F.3d 982, 986 (8th Cir. 2019) (citing Fed. R. Evid. 404(b)). Rule 414 provides an exception, reading, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). The rule goes on to define "child molestation" as a crime under federal or state law involving:

> (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
> (B) any conduct prohibited by 18 U.S.C. chapter 110;
> (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus;
> (D) contact between the defendant's genitals or anus and any part of a child's body;
> (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
> (F) an attempt . . . to engage in conduct described in subparagraphs (A)-(E).

Fed. R. Evid. 414(d)(2). Chapter 109A of Title 18 proscribes sexual abuse, while chapter 110 prohibits sexual exploitation and other abuse of children. See generally 18 U.S.C. §§ 2241-2248 (chapter 109A); 18 U.S.C. §§ 2251-2260a (chapter 110).

Counts contends that the act of exposing himself to D.D. does not meet Rule 414(d)(2)'s definition of child molestation. At the outset, subparagraphs (C)-(E) are clearly inapplicable because, as alleged, Counts did not make physical contact with D.D. or inflict death, bodily injury,

2

or physical pain. Similarly, none of the conduct criminalized by chapter 110 of Title 18, which focuses primarily on child pornography, is present here. The only remotely analogous statutes are found in chapter 109A, prohibiting various forms of sexual abuse. See 18 U.S.C. §§ 2241-2244. But either a "sexual act" or "sexual contact" is necessary to meet each of these statutes' elements. See id. Chapter 109 defines those two terms to require some form of contact or touching. See 18 U.S.C. § 2246(2)-(3). To the extent the Government argues that Counts engaged in an attempt to commit any of the offenses listed in Rule 404(d)(2)(A)-(E) when he allegedly exposed himself to D.D., there is no evidence in the record to support an inference that Counts intended, on that occasion, to engage in the types of hands-on offenses that the rule's definition of child molestation contemplates. See United States v. Fool Bear, 903 F.3d 704, 708-09 (8th Cir. 2018). Therefore, Counts' act of exposing himself to D.D. does not meet Rule 414(d)(2)'s definition of child molestation.

The Government nevertheless contends that this evidence should be admitted under Rule 414 even if it does not meet the technical definition of child molestation, relying on United States v. Sumner. In that case, the Eighth Circuit Court of Appeals affirmed the admission of evidence under Rule 414 that a defendant "allegedly groped a thirteen-year-old babysitter's thigh" and "patted a sleeping seven-year-old girl." United States v. Sumner, 204 F.3d 1182, 1187 (8th Cir. 2000). The Government points out that admission of that evidence was upheld even though patting a sleeping child does not meet Rule 414's definition of child molestation. But the opinion is ambiguous in this regard because it is unclear whether the alleged patting was "sexual contact" as defined by 18 U.S.C. § 2246(3). The Court is unwilling to depart from the text of Rule 414 based on such a hair-splitting distinction. Furthermore, Sumner is distinguishable in that groping a thirteen-year-old child's thigh does meet the rule's definition of child molestation, and both

3

offenses in that case involved physical contact with minors.  In short, Congress articulated an elaborately specific definition for child molestation, and the Court finds no reason to stray from that definition here.  See United States v. Joubert, 980 F. Supp. 2d 47, 51 (D.N.H. 2013) (excluding under Rule 414 "unusual (and unsettling)" evidence of inappropriate sexual behavior that did not meet the definition of child molestation).  Accordingly, evidence that Counts exposed himself to D.D. is not admissible as evidence of prior acts of child molestation pursuant to Rule 414(a).[1]

With that resolved, Counts correctly notes that when evidence of prior acts is inadmissible under Rule 414, then Rule 404(b)'s more general standard applies.  But the strictures of Rule 404(b) apply only to extrinsic—not intrinsic—evidence.  United States v. Buckner, 868 F.3d 684, 687 (8th Cir. 2017).  The Government asserts that the exposure evidence is intrinsic to the crime charged in the Indictment.  "[I]ntrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the charged crime."  United States v. Young, 753 F.3d 757, 770 (8th Cir. 2014) (citing United States v. Hall, 604 F.3d 539, 543-44 (8th Cir. 2010); United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006)).  "Nonetheless, the probative value of intrinsic evidence must not be substantially outweighed by its prejudicial effect."  United States v. Betts, 911 F.3d 523, 529 (8th Cir. 2018) (citing United States v. O'Dell, 204 F.3d 829, 834 (8th Cir. 2000)).

Evidence that Counts exposed himself to D.D. is intrinsic to proving M.D.'s alleged abuse. To start, the evidence is relevant because it tends to prove that Counts knowingly engaged in inappropriate sexual conduct in the presence of minors.  Even more so because Counts claimed in

---

[1] The Court notes that the Government must show good cause if it wishes to introduce any other evidence of child molestation because fewer than 15 days remain before trial.  See Fed. R. Evid. 414(b).

4

law enforcement interviews that the frequent instances where M.D. allegedly observed him naked or partially clothed were accidental. Evidence that Counts knowingly exposed himself to D.D. would therefore bear directly on the elements of Aggravated Sexual Abuse of a Child. See United States v. Fleck, 413 F.3d 883, 890 (8th Cir. 2005) ("when evidence of other crimes is so blended or connected[;] . . . or explains the circumstances thereof; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged.") (citation omitted). Further, D.D. and M.D. lived in the same house during the same time period under the same person's foster care. Evidence that Counts inappropriately exposed himself to D.D. during that time period provides context for the the circumstances that led to the instant alleged offense. It also serves to "complete the story" that the Government intends to present to the jury, including a purported escalating pattern of sexual behavior towards prepubescent boys.

The probative value of this evidence, moreover, is not outweighed by a danger of unfair prejudice. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Watson, 895 F.3d 589, 595 (8th Cir. 2018) (quoting United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002)). As stated, the exposure evidence is probative of Counts' intent. At the same time, the evidence is not so inflammatory as to provoke an emotional or improper decision from a jury, especially when compared to the allegations contained in the Indictment. In a similar vein, there is little risk of creating a sideshow in a manner that would mislead or confuse the jury because the evidence pertains to a lone instance of exposure that is distinct from the alleged sexual abuse. Accordingly, evidence that Counts exposed himself to D.D. is admissible as intrinsic to the crime charged.

And even if the evidence were extrinsic, Rule 404(b) is satisfied. "Rule 404(b) 'excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort.'" United States v. Guzman, 926 F.3d 991, 999 (8th Cir. 2019). Such evidence is admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "For evidence of prior bad acts to be admissible, the evidence must be: (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the crime charged." United States v. Wright, 866 F.3d 899, 905 (8th Cir. 2017) (quoting United States v. Young, 753 F.3d 757, 768 (8th Cir. 2014)). "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove a defendant's criminal disposition." United States v. Thomas, 760 F.3d 879, 883 (8th Cir. 2014) (citation omitted).

As explained above, the exposure evidence is relevant to intent, and its probative value is higher than any prejudicial effect. Addressing the second element, the Court at this early stage need only be satisfied that a reasonable jury could conclude by a preponderance of the evidence that Counts exposed himself to D.D. See United States v. Armstrong, 782 F.3d 1028, 1034-35 (8th Cir. 2015) (explaining conditional relevance standard for Rule 404(b) evidence). The testimony the Government anticipates D.D. will provide, in addition to statements Counts offered to law enforcement, are sufficient to allow a reasonable jury to find by a preponderance of the evidence that the exposure occurred. The last element, factual and temporal similarity, is likewise met because Counts allegedly exposed himself to D.D. within the same one-year period that M.D.'s abuse purportedly occurred. As a result, the exposure evidence is alternatively admissible as extrinsic evidence under Rule 404(b).

## II.     EXPERT TESTIMONY

In a letter dated September 10, 2019 and sent via email, the Government informed Counts' counsel that it intended to call Dr. Stacey Benson, a clinical psychologist, to testify as an expert witness. Trial at that time was scheduled for October 22, 2019. The letter lists in general terms the topics Dr. Benson will testify to and also explains her qualifications. Counts objects to the disclosure on two grounds, including timeliness and lack of specificity as to Dr. Benson's opinions regarding this case. He asks for an order barring Dr. Benson from testifying.

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure controls the Government's obligation to disclose expert witness testimony planned for use in its case in chief. To comply, the Government must "disclose, upon request, a summary 'describing the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'" United States v. Spotted Horse, 914 F.3d 596, 601 (8th Cir. 2019) (alterations omitted) (quoting Fed. R. Crim. P. 16(a)(1)(G)). If the disclosure requirement is violated, a "district court may order the government to disclose the evidence, grant a continuance, prohibit use of the evidence at trial, or 'enter any other order that is just under the circumstances.'" United States v. Shepard, 462 F.3d 847, 866 (8th Cir. 2006) (quoting Fed. R. Crim. P. 16(d)(2)).

Addressing timeliness first, the Government's September 10, 2019 disclosure did not run afoul of Rule 16. The letter arrived six weeks before trial was scheduled to commence, providing ample opportunity for Counts to hire his own expert if he desired. Counts then moved for, and the Court granted, a continuance of more than three months, further allowing him to determine his response to Dr. Benson's planned testimony. See Doc. No. 49. There is no hard and fast cutoff for disclosures under Rule 16(a)(1)(G)—the Eighth Circuit has found even last-minute or midtrial disclosures within the acceptable margin of a district court's discretion. See, e.g., United States v.

7

Ortega, 150 F.3d 937, 944 (8th Cir. 1998); United States v. Appelby, 975 F.2d 1384, 1387 (8th Cir. 1992). Counsel for Counts first became aware of the Government's intent to call an expert on June 19, 2019 and has had sufficient time since then to respond. The Government's disclosure was therefore timely.

Moving to the substance of the Government's disclosure, the Court finds that any deficiency does not rise to a level that warrants exclusion of Dr. Benson's testimony. The disclosure letter is admittedly sparse. To be sure, Dr. Benson's qualifications are set out in sufficient detail, explaining her work as a clinical psychologist who regularly assesses and treats sex offenders, as well as her relevant nonprofit and teaching endeavors. There is likewise an adequate level of specificity regarding the topics that Dr. Benson will testify to at trial, including common behavioral patterns of adults that commit sex offenses against children. Missing, though, is a summary of the opinions that Dr. Benson will reach regarding Counts when testifying, or how she formed those opinions.

This deficiency is similar to an expert disclosure issue the Eighth Circuit recently confronted. In United States v. Kessler, the Government called a police detective to testify as an expert witness in a methamphetamine trafficking trial. United States v. Kessler, 926 F.3d 490, 491 (8th Cir. 2019). Included in the Government's Rule 16(a)(1)(G) disclosure was that the detective would testify to "the dollar values of methamphetamine." Id. But the disclosure did not state the opinion the detective would ultimately reach as to the value of the methamphetamine the defendant possessed or how the detective reached that determination. The district court nonetheless denied the defendant's request to exclude the detective's testimony, instead ordering the Government to disclose the dollar amount over a one-hour recess during trial. The Eighth Circuit reasoned that the district court was within its discretion because the defendant's attorney "was not blindsided"

by the detective's testimony when considering that the dollar value of methamphetamine had been an anticipated testimony topic in the Rule 16 disclosure. Id. at 492. The court went on to note that the defendant's counsel "never explained . . . why only a more drastic remedy like exclusion would cure any harm." Id. Accordingly, the Eighth Circuit affirmed the district court's refusal to exclude the detective's testimony.

Like Kessler, the Government has disclosed the anticipated topics that Dr. Benson will testify to in sufficient detail to prevent Counts from being "blindsided" at trial. The Government additionally noted in its October 2019 response brief to this motion that it would "disclose, within the next few days, an interview report detailing statements made by Dr. Benson to the FBI and counsel for the government." Doc. No. 44, p. 7. Counts also has not articulated why a less severe remedy, such as disclosure of Dr. Benson's opinions, is inadequate. Exclusion of Dr. Benson's testimony is therefore unwarranted. With that said, Counts is entitled to the benefit of a complete Rule 16 disclosure. To the extent the Government has not done so already, the Court orders the disclosure of the opinions that Dr. Benson intends to reach as to Counts during her testimony, as well as the bases and reasons for those opinions.

### III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant legal authority. For the reasons above, Counts' motion in limine to exclude evidence that he allegedly exposed himself to D.D. (Doc. No. 36) is **GRANTED IN PART** and **DENIED IN PART**. The Government may not introduce evidence that Counts exposed himself to D.D. as evidence of a prior act of child molestation pursuant to Federal Rule of Evidence 414. That evidence is admissible, however, as intrinsic to the crime charged or, alternatively, as extrinsic evidence under Federal Rule of Evidence 404(b). Counts' motion in limine to exclude Dr.

Benson's testimony (Doc. No. 38) is **DENIED**.  If not done already, the Court **ORDERS** the Government to provide a summary of Dr. Benson's opinions particular to this case and the bases and reasons for those opinions by 5:00 PM on Thursday, January 30, 2020.

    **IT IS SO ORDERED**.

    Dated this 28th day of January, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court