# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | **ORDER GRANTING GOVERNMENT'S SECOND AND THIRD MOTIONS IN LIMINE AND DENYING DEFENDANT'S FOURTH MOTION IN LIMINE** |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Roger Ricky Counts, | ) | Case No. 3:18-cr-00141 |
| | ) | |
| Defendant. | ) | |

Trial in the above-captioned case is scheduled to commence on February 10, 2020. Now before the Court are the Government's second and third motions in limine filed on January 30, 2020. Doc. Nos. 75, 76. Also pending is Defendant Roger Ricky Counts' fourth motion in limine filed on February 3, 2020. Doc. No. 85. An Indictment charges Counts with (1) Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 2241(c), 1153; and (2) Failure to Report Child Abuse, in violation of 18 U.S.C. § 1169. Doc. No. 1. In particular, the Government alleges that Counts sexually abused M.D., a then eight-year-old boy, while he was in foster care in Counts' home.

The Government's second motion in limine requests exclusion of evidence offered to prove that M.D. had previously been sexually assaulted and evidence offered to prove M.D.'s sexual predisposition. Doc. No. 75. The Government's third motion in limine seeks to admit testimony from Dr. Angela LaRocque, an Indian Health Services psychologist who evaluated M.D. and provided him with individual therapy services. Doc. No. 76. Countering these two motions, Counts' fourth motion in limine requests the ability to cross-examine Dr. LaRocque regarding M.D.'s purported prior sexual assaults. Doc. No. 85. The Court will first address the admissibility of Dr. LaRocque's testimony and then discuss the sexual history and predisposition evidence.

I.  **ADMISSIBILITY OF DR. LAROCQUE'S TESTIMONY**

The Government anticipates that Dr. LaRocque will testify regarding a psychological evaluation she performed on M.D. in the summer of 2016 (before M.D. disclosed the alleged abuse) and three individual therapy sessions that occurred in June and July 2017 (shortly after M.D. disclosed the alleged abuse). Her planned testimony will focus primarily on M.D.'s demeanor and affect throughout the sessions. She also intends to testify that during the therapy sessions M.D. informed her that Counts, who was employed as a counselor at M.D.'s school, was still at the school after the abuse allegations surfaced. Further, when Counts was removed from his position, M.D. expressed to Dr. LaRocque that he was relieved.

Counts initially contends that Dr. LaRocque's testimony should be excluded because she is an undisclosed expert witness. Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

More to the point, "a treating physician/psychologist is not considered an expert . . . so long as his or her testimony involves observations based on personal knowledge gained from treatment of a patient." Nolan v. Memphis City Schs., Case No. 04-3047-D/P, 2007 WL 9719021, at *1 (W.D. Tenn. May 23, 2007); see also Cruz v. Henry Modell & Co, Inc., No. CV 05-1450(AKT), 2008 WL 905356, at *13-14 (E.D.N.Y Mar. 31, 2008). Here, Dr. LaRocque will testify to her personal observations of M.D.'s demeanor and affect during the course of a psychological evaluation and three individual therapy sessions. To the extent Dr. LaRocque's testimony relates to observations she made during those sessions—that M.D. appeared upset or was quiet, for example—such

observations do not implicate Rule 701 because they do not express an opinion. And any opinions she does put forward, including that M.D. suffered from anxiety or depression, fall within the scope of her personal knowledge based on the treatment she provided. Thus, the Government was not required to disclose Dr. LaRocque as an expert, and she may testify as a fact witness.

On a macro level, Counts also contends Dr. LaRocque's testimony is not relevant. Evidence is relevant if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Dr. LaRocque observed M.D.'s demeanor and affect when evaluating him in 2016 before he disclosed the alleged abuse. Her planned testimony is that M.D.'s demeanor changed significantly after the alleged abuse occurred, making the inference that he was abused somewhat more likely. That M.D. expressed discomfort with Counts remaining at his school, and later relief when Counts was removed from his position, makes the identification of Counts as M.D.'s abuser more probable as well. Dr. LaRocque's testimony is relevant.

Relevance does not automatically translate to admissibility, however. Rule 403 of the Federal Rules of Evidence precludes the admission of relevant evidence where its probative value is substantially outweighed by the risk of unfair prejudice or misleading or confusing the jury. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Watson, 895 F.3d 589, 594 (8th Cir. 2018) (quoting United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002)). Evidence that M.D. feared Counts and that M.D.'s demeanor changed is unlikely to stoke an inordinately emotional response from a jury. Nor would Dr. LaRocque testifying as a fact witness, rather than an expert, confuse or mislead a jury. She will primarily describe ordinary observations about M.D.'s

3

demeanor, not complicated diagnoses or psychological treatment methods that the jury may tend to grant undue weight. Dr. LaRocque's anticipated testimony is not unfairly prejudicial.

Counts' final contention is that the two statements M.D. made to Dr. LaRocque are inadmissible hearsay. As previously alluded to, M.D. told Dr. LaRocque that Counts was still working as a counselor at the school following his disclosure of the alleged abuse. After Counts had been removed from his position at the school, M.D. then expressed to Dr. LaRocque that he was relieved Counts was no longer there.

The Government contends the first statement is admissible as nonhearsay because it will be offered for its effect on the listener. More specifically, Dr. LaRocque plans to testify that after hearing M.D. say that Counts remained employed at the school, she contacted Helen Keplin (the director of the youth shelter where M.D. lived at the time) and Child Protective Services. The normal rule is that "a statement offered to show its effect on the listener is not hearsay." United States v. Wright, 739 F.3d 1160, 1170 (8th Cir. 2014) (citation omitted). Still, the effect of the statement on the listener must be relevant to an issue to be determined at trial. See United States v. Beckman, 787 F.3d 466, 484 (8th Cir. 2015); United States v. Malik, 345 F.3d 999, 1001 (8th Cir. 2003). While M.D.'s fear of Counts remaining in his position at the school is relevant, what Dr. LaRocque did with that information is not. Her decision to contact Keplin and Child Protective Services regarding Counts' employment at the school does not make it more or less likely that the alleged sexual abuse occurred or that Counts failed to report child abuse as a mandatory reporter.

That notwithstanding, both of M.D.'s statements to Dr. LaRocque are admissible pursuant to Rule 803(4) of the Federal Rules of Evidence, which excepts from the hearsay rule statements made for and reasonably pertinent to medical diagnosis or treatment. To satisfy this exception, "first, the declarant's motive in making the statement must be consistent with the purposes of

promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis." United States v. Sumner, 204 F.3d 1182, 1185 (8th Cir. 2000) (citation and quotation marks omitted). Under Rule 803(4), the Eighth Circuit has "consistently upheld the admission of statements made to psychologists or trained social workers, provided that the declarant was seeking treatment, the statements were relevant to diagnosis or treatment, and the statements were not coached." United States v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994).

M.D.'s statements to Dr. LaRocque fall within the medical diagnosis or treatment exception. Counts cites to United States v. Ring to support his contrary argument, but that case is distinguishable. In Ring, the Eighth Circuit found that statements by a three-year-old child to a doctor regarding allegations of sexual abuse did not fall within the medical diagnosis or treatment exception because there was no evidence the child knew she was talking to a doctor. United States v. Ring, 983 F.2d 818, 820 (8th Cir. 1992). Unlike that situation, M.D. was aware that he could talk with Dr. LaRocque about his problems, and she had previously performed a psychological evaluation on him before he disclosed the alleged abuse. Furthermore, the fact that Keplin initiated M.D.'s therapy sessions with Dr. LaRocque is not dispositive, particularly because an eight-year-old child is unable to seek mental health treatment independent of a parent or guardian. See id. at 820 n.1. Dr. LaRocque relied on M.D.'s statements for treatment purposes because she contacted Keplin and Child Protective Services and used his later expression of relief to assess his progress with therapy. As a result, M.D.'s statements to Dr. LaRocque are admissible.

## II. RULE 412 EVIDENCE

The Government moved to exclude two potential sources of M.D.'s previous sexual behavior on January 30, 2020. Doc. No. 75. Both derive from Counts' interview with law

5

enforcement. Specifically, Counts insinuated that M.D. had been a victim of prior sexual assaults and that he witnessed M.D. and D.D., another eight-year-old boy under Counts' foster care, engaging in oral sex. The Government does not concede that these incidents took place and notes that M.D. has not acknowledged them. Counts filed a responsive motion on February 3, 2020 seeking to admit evidence of the conversation relating to the purported previous sexual assaults. Doc. No. 85. He contends the evidence is necessary to cross-examine Dr. LaRocque so he can provide an alternate explanation for M.D.'s change in behavior between the 2016 evaluation and the 2017 therapy sessions.

Rule 412 of the Federal Rules of Evidence prohibits the admission of "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). One exception to Rule 412(a) is implicated here: such evidence is admissible if its exclusion "would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). When determining admissibility of evidence under this exception, courts "start with the premise that defendants have a constitutional right under the Fifth and Sixth Amendments to introduce evidence in their defense." United States v. Pumpkin Seed, 572 F.3d 552, 559 (8th Cir. 2009) (citations omitted). But that right may be circumscribed where "concerns about harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant" are present. United States v. Never Misses A Shot, 781 F.3d 1017, 1029 (8th Cir. 2015) (citation omitted).

As a preliminary matter, the Court finds that any evidence concerning the alleged incident between M.D. and D.D. is clearly inadmissible under Rule 412. Counts does not argue otherwise. The Court likewise concludes that Counts' speculative statements to law enforcement regarding M.D.'s potential prior sexual assaults are inadmissible. In his motion, Counts relies on United

States v. Bear Stops, 997 F.2d 451 (8th Cir. 1993). There, the Eighth Circuit determined that uncontroverted evidence of a victim's prior sexual assault by three other minors had to be admitted under Rule 412(b)(1)(C) to allow for the defendant to put on a constitutionally adequate defense. Id. at 456-57. The court explained that Bear Stops' defense required admission of the evidence to provide an alternate explanation for the victim exhibiting symptoms of a sexually abused child. Id. at 457.

In contrast to the victim in Bear Stops, M.D. has not acknowledged that he was the victim of any prior sexual abuse. The only person that has made this assertion is Counts. That makes this case more akin to Shaw v. United States, where a district court determined that exclusion of evidence pertaining to a victim's sexual contact with other minors was warranted because the "sexual behavior was . . . very much in dispute." 892 F. Supp. 1265, 1274 (S.D. Iowa 1995). Explicitly distinguishing Bear Stops, the district court stated that "the potential for jury confusion and for a distracting 'mini-trial' and/or 'fishing expedition' into these incidents was substantial." Id.

So too here. Counts' allegations are entirely speculative. Floating questions to Dr. LaRocque insinuating that M.D. had been sexually abused in the past—without any corroborating evidence—would have marginal relevance. And that relevance would be substantially outweighed by the risk of misleading and confusing the jury because there is no evidence apart from Counts' lone statement that M.D. had previously been sexually assaulted. The "risk of . . . embarrassment and intrusion into [M.D.]'s privacy" is similarly substantial even though Dr. LaRocque, rather than M.D., would actually be subjected to questioning pertaining to any prior sexual abuse. Id. Counts' uncorroborated statements that M.D. may have been previously sexually abused are therefore inadmissible under Federal Rules of Evidence 412 and 403. Because the evidence is inadmissible,

7

the Court need not consider whether to extend the time limitation for disclosure under Rule 412(c)(1)(B).

### III.   CONCLUSION

The Court has carefully reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the Government's second and third motions in limine (Doc. Nos. 75, 76) are **GRANTED**, and the Defendant's fourth motion in limine (Doc. No. 85) is **DENIED**. Dr. LaRocque's testimony is admissible, including the two statements M.D. made to Dr. LaRocque regarding Counts' employment at the school. Evidence of M.D.'s unsubstantiated prior sexual assaults or his sexual predisposition is inadmissible, and the Court declines to extend the time limitation for filing a motion to admit that evidence under Federal Rule of Evidence 412(c)(1)(B).

**IT IS SO ORDERED**.

Dated this 7th day of February, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court