# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S FIFTH MOTION IN LIMINE** |
| vs. | ) | |
| Roger Ricky Counts, | ) | Case No. 3:18-cr-00141 |
| Defendant. | ) | |

Trial in the above-captioned case is scheduled to commence on February 10, 2020. Now before the Court is Defendant Roger Ricky Counts' fifth motion in limine filed on February 4, 2020. Doc. No. 86. An Indictment charges Counts with Aggravated Sexual Abuse of a Child, in violation of 18 U.S.C. §§ 2241(c), 1153. Doc. No. 1. In particular, the Government alleges that Counts sexually abused M.D., a then eight-year-old boy, while he was in foster care in Counts' home.

Counts' fifth motion in limine renews his request to exclude the testimony of Dr. Stacey Benson, a clinical psychologist. After initially determining that Dr. Benson's testimony should not be excluded for disclosure deficiencies under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Court ordered the Government "to provide a summary of Dr. Benson's opinions particular to this case and the bases and reasons for those opinions." Doc. No. 64, p. 10. The Government furnished a more detailed letter explaining Dr. Benson's proposed testimony to defense counsel on January 30, 2020. See Doc. No. 88-1. The letter concludes, "Dr. Benson will not be asked to testify about the defendant in this case; she will testify only as to general characteristics and behaviors of sexual offenders with which she is familiar based on her training and experience as a psychologist." Id.

Counts now objects to Dr. Benson's testimony on relevance and unfair prejudice grounds. He argues that because of its generalized nature, Dr. Benson's testimony does not bear on whether Counts sexually abused M.D. He further asserts that even if the testimony is relevant, it is likely to confuse or mislead jurors because they will believe that Counts engaged in one or more of the behaviors that Dr. Benson will testify to without specific evidence to that effect.

Evidence is relevant if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. As a specialized application of these principles, an expert witness "may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a) (emphasis added). To that end, expert witnesses may testify to "the modus operandi of drug dealers and other criminals in areas concerning activities which are not something with which most jurors are familiar." United States v. White, 890 F.2d 1012, 1014 (8th Cir. 1989) (citations and internal quotation omitted). The Eighth Circuit has yet to squarely address whether this principle applies in cases involving sex offenses against children. But the clear majority of circuits that have done so conclude that modus operandi evidence of sex offenders—particularly evidence regarding "grooming" behavior—is relevant. See United States v. Batton, 602 F.3d 1191, 1201 (10th Cir. 2010); United States v. Hitt, 473 F.3d 146, 158-59 (5th Cir. 2006); United States v. Hayward, 359 F.3d 631, 637 (3d Cir. 2004); United States v. Long, 328 F.3d 655, 667-68 (D.C. Cir. 2003); United States v. Romero, 189 F.3d 576, 584-85 (7th Cir. 1999); United States v. Cross, 928 F.2d 1030, 1050-51 (11th Cir. 1991). But see United States v. Fitzgerald, 80 F. App'x 857, 862-63 (4th Cir. 2003).

Here, the Government intends to present evidence that M.D. observed Counts in his underwear around the home; that M.D. discovered pornography on Counts' iPad; that Counts

exposed himself to M.D.; and that M.D. witnessed Counts having sex with his wife on one occasion. Similar to modus operandi evidence introduced in drug cases, jurors are unlikely to be familiar with how this less culpable conduct can evince the existence of sexual offenses against children. Dr. Benson's testimony will aid the jury in understanding this evidence in context, and it is therefore relevant.

By the same token, Dr. Benson's testimony will not unfairly prejudice Counts. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Watson, 895 F.3d 589, 594 (8th Cir. 2018) (quoting United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002)). The jury is unlikely to be influenced emotionally by Dr. Benson's testimony when considered in light of other evidence that will be introduced throughout the case. She also will not specifically opine as to Counts' conduct or reach an ultimate conclusion as to whether Counts engaged in grooming behavior. As for Counts' concerns that Dr. Benson's testimony will prejudice him because the jury will be tempted to believe that he engaged in the behaviors she will describe absent specific evidence, Counts will have an adequate opportunity to address that issue on cross examination.

The Court has carefully reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Counts' fifth motion in limine (Doc. No. 86) is **DENIED**. Dr. Benson will be permitted to testify at trial.

**IT IS SO ORDERED**.

Dated this 7th day of February, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
